NO 7415

MRS DELIA HAMILTON

. VS

THE ORDER OF ODD FELLOWS.

STATE OF LOUISIANA

COURT OF APPEAL

PARISH OF ORLEANS.

7415

## OPINION.

By his Honor John St. Paul.

The defendant is a fraternal organization having a death benefit feature under the jurisdiction of the Endowment Bureau of its Grand Lodge.

In 1902 Thomas Lake, member of a subordinate lodge, took out a death benefit in favor of plaintiff whom he had raised from childhood and whom he called his daughter.

At the time of his death he was in good standing, having paid all his dues to his subordinate lodge to whom under the by laws of the order he was obliged to pay them.

1.

The subordinate lodge failed to account to the Endowment Bureau and was duly suspended on September 10th, 1915. Lake died on October 7th, and the defendant refuses to pay the beneficiary on the ground that suspension of the lodge carried with it suspension of the members.

As we read the by laws, this contention is not well founded. By the first paragraph of Section 1. Article 2, suspension of a lodge does ### indeed carry with it suspension of its members; but the second paragraph of the same section provides that under such ########### circumstances the Bureau of Endowment "will protect said members in their benefits when prompt application is made by him to the Bureau as provided by Article 1 Section 8 of the by laws."

The last mentioned section provides that a member in good standing of a suspended lodge shall have 30 days from the suspension of the lodge to enroll himself with the Bureau itself, to the end that he may keep in good standing until the lodge itself be reinstated, or he himself be transferred to a new lodge. And Section 9 provides that hsi failure thus to enroll himself within the time specified shall deprive him of his good standing and thereby forfeit his right to indemnity.

It seems therefore clear that the members of a suspended lodge are <u>protected</u> for full thirty days after such suspension, and forfeit protection thereafter only upon their own failure to enroll themselves as aforesaid.

As Lake died during the 30 days within which he was <u>protected</u>, it follows that the defense above mentioned is not well founded.

### 11.

As a further defense it is said that plaintiff has not shown that she is a daughter of the deceased; and accordingly it is urged that she is not within the class of beneficiaries permitted to fraternal insurance associations by the existing laws of this State; and again that the charter of the defendant limits its death benefits to the ### widows and orphans of its members.

As to the existing laws of this Saate, they were passed subsequent to the issuance of the policy herein sued upon and therefore cannot affect its provisions; and as to the charter of defendant, it is not in evidence, whilst the by laws, which <u>are</u> in evidence, contain no such limitations.

### 111.

Moreover, in the absence of any conflicting claims and of all evidence to the contrary, the fact that plaintiff was treated as his child by the deceased and called such by him, is sufficient proof of his paternity. C. C. 195; *thee of Blasini, 30 an 1308*

The judgment appealed from is correct.

                                    Judgment Affirmed.